J-S14019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTOINE MOON | : | |
| | : | |
| Appellant | : | No. 1345 EDA 2018 |

Appeal from the PCRA Order April 9, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0001843-2015

BEFORE:   LAZARUS, J., NICHOLS, J., and PELLEGRINI, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED APRIL 29, 2019**

Appellant Antoine Moon appeals from the order dismissing his first, timely Post Conviction Relief Act[1] (PCRA) petition without a hearing.  Appellant claims that the PCRA court erred in permitting his first PCRA counsel to withdraw pursuant to **Turner**/**Finley**[2] without investigating his assertion that his plea counsel was ineffective.  We conclude that Appellant's claim has been waived and affirm.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

Because the parties are familiar with the facts giving rise to this matter, we do not restate them here. It is sufficient to note that on September 27, 2016, Appellant, who was represented by plea counsel, entered a negotiated guilty plea to attempted murder, conspiracy to commit aggravated assault, and persons not to possess a firearm.[3] The trial court sentenced Appellant to 12½ to 25 years' incarceration. Appellant did not file post-sentence motions or take a direct appeal.

On June 16, 2017, the PCRA court docketed Appellant's *pro se* PCRA petition. Appellant, in relevant part, asserted that his plea counsel was ineffective for failing to investigate an alibi witness, Junior Gordon. The PCRA court appointed counsel (first PCRA counsel), who filed a petition to withdraw under **Turner/Finley** on January 2, 2018. Appellant did not respond to first PCRA counsel's **Turner/Finley** letter.

On March 5, 2018, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition under Pa.R.Crim.P. 907, indicating that Appellant's claim lacked merit.[4] Appellant was personally served with the Rule 907 notice, but he did not respond to the notice. The PCRA court dismissed Appellant's

---

[3] 18 Pa.C.S. §§ 2502(a), 901(a), 2702(a)(1), 903, and 6105(a)(1), respectively.

[4] While the record does not reveal that the PCRA court formally entered an order allowing first PCRA counsel to withdraw, he was implicitly permitted to do so as noted by the docket entry on the Rule 907 order, which indicates that first PCRA counsel was removed.

petition on April 9, 2018. That same day, the PCRA court appointed present counsel to represent Appellant on appeal.

Appellant filed a timely notice of appeal. In his court-ordered Pa.R.A.P. 1925(b) statement, Appellant challenged first PCRA counsel's effectiveness. The PCRA court complied with Rule 1925(a), indicating that "[a] review of the record indicates that [first PCRA c]ounsel complied with the requirements under *Finley* and *Turner* and the 'independent review' requirement was satisfied." PCRA Ct. Op., 7/20/18, at 3 (unpaginated).

Appellant raises the following issue on appeal:

Did the [PCRA] court commit legal error and abuse its discretion by dismissing the PCRA petition because [first PCRA] counsel did not comply with the dictates of *Turner*/*Finley* by investigating and attempting to interview the witness Junior Gordon before concluding that any failure by trial counsel to get a statement from Mr. Gordon did not induce [Appellant's] decision to plead guilty instead of going to trial?

Appellant's Brief at 2.

Appellant asserts that

[t]he trial court erred when it accepted [first PCRA] counsel's No-Merit letter because counsel had not, in the specific factual[ ]setting here, conducted a[n] independent investigation into the witness Junior [Gordon] and why he had not been interviewed prior to concluding that the lack of his interview did not induce Appellant's decision to plead guilty[.]

*Id.* at 5. Accordingly, Appellant's sole argument on appeal is that first PCRA counsel was ineffective because he failed to investigate Mr. Gordon. *Id.* at 7.

When considering the dismissal of a timely PCRA petition, we review the order

- 3 -

in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it.

**Commonwealth v. Ford**, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

When a PCRA petition has been filed,

the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa. R. Crim. P. 907(1).

Generally, "when counsel files a **Turner**/**Finley** no-merit letter to the PCRA court, a petitioner must allege any claims of ineffectiveness of PCRA counsel in a response to the court's notice of intent to dismiss." **Ford**, 44 A.3d at 1198. "Once [an appellant has] filed a notice of appeal, he [has] waived his right to complain about PCRA counsel's stewardship, because [the appellant is] unable to raise those claims for the first time in his Rule 1925(b) statement." **Commonwealth v. Smith**, 121 A.3d 1049, 1055 (Pa. Super. 2015).

- 4 -

Here, Appellant did not respond to first PCRA counsel's **Turner**/**Finley** letter or the PCRA court's Rule 907 notice. Therefore, Appellant waived his substantive challenges to first PCRA counsel's assistance because he failed to respond to the PCRA court's Rule 907 notice before the court dismissed his petition. Appellant alleged first PCRA counsel was ineffective for the first time in his Rule 1925(b) statement. Accordingly, we are constrained to conclude that Appellant has waived his challenge to first PCRA counsel's effectiveness or the adequacy of first PCRA counsel's **Turner**/**Finley** letter. **See Smith**, 121 A.3d at 1055; **Ford**, 44 A.3d at 1198. Therefore, finding no issues properly preserved for review, we affirm the PCRA court's order dismissing Appellant's PCRA petition.[5]

Order affirmed.

---

[5] In any event, we note that Appellant's claim that PCRA counsel was ineffective would fail. Appellant does not address whether Mr. Gordon was willing to testify or how the absence of his testimony prejudiced Appellant beyond his assertion that Mr. Gordon was an alibi witness. **See Commonwealth v. Pander**, 100 A.3d 626, 639 (Pa. Super. 2014) (noting that regarding the failure of counsel to interview a witness, "the petitioner must prove: (i) the witness existed; (ii) the witness was available to testify; (iii) counsel knew of, or should have known of, the existence of the witness; (iv) the witness was willing to testify; and (v) the absence of the testimony was so prejudicial as to have denied the defendant a fair trial" (citation omitted)). Therefore, because Appellant failed to establish that plea counsel was ineffective, his layered claim of PCRA counsel's ineffectiveness would warrant no relief on appeal. **See Commonwealth v. Tedford**, 960 A.2d 1, 13 (Pa. 2008) ("[T]he inability of a petitioner to prove each prong of the [ineffectiveness] test in respect to trial counsel's purported ineffectiveness alone will be fatal to his layered ineffectiveness claim." (citation omitted)).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/29/19